SAVOY, Judge.
Plaintiffs, Josephine Maire, Sheryn Smith and Rex Eyestone, instituted this tort action to recover damages for the death of their mother, Bernice Eyestone, who died from injuries received in a one car automobile accident while riding in an automobile driven by her husband, Forrest Eyestone, on September 8, 1968. Plaintiffs seek to recover damages for their mother’s one-half community share of the wrecked vehicle. Named as defendant is State Farm Mutual Automobile Insurance Company, the liability and collision insurer of the 1965 Triumph which *507 was owned, and being driven by Forrest Eyestone at the time of the accident.
The accident occurred on Louisiana Highway No. 118 in Sabine Parish, Louisiana, approximately 1.6 miles east of the city limits of Floriep, Louisiana, when Forrest Eyestone lost control of the vehicle while attempting to negotiate a curve, causing the automobile to skid some 233 feet, turning over once and throwing Mrs. Bernice Eyestone from the car inflicting severe injuries to her resulting in her death in a short time thereafter.
State Farm filed a motion for summary judgment contending that under the terms of their insurance policy in force there could be no recovery on behalf of Bernice Eyestone by her children because of an exclusion in the policy which provided that the insurance did not apply “ * * * to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured; * * Also introduced was a release for $1,000.00 executed by the owner of the automobile, Forrest Eyestone.
After a hearing, the trial court upheld the motion for summary judgment. From the adverse decision plaintiffs have appealed devolutively contending that under LSA-C.C. Article 2315, and LSA-R.S. 22:655, they have a cause of action for the wrongful death of their mother against the insurer of their father. However, plaintiffs, in their brief on appeal, concede that a settlement was made with their father for the wrecked vehicle; and we are only concerned on this appeal with the question of whether recovery can be had for the wrongful death of plaintiffs’ mother.
Insofar as pertinent the insurance policy provides: (a) under Exclusions — “This insurance does not apply under: * * * (i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured; * * (b) under Definitions — “Bodily injury * * * means bodily injury, sickness or disease, including death, at any time resulting therefrom.”
Plaintiffs on appeal argue that the State of Louisiana gives children not only a survivorship action but also an action for damages they suffered as the result of the wrongful death of their parent, and that the exclusion clause in the policy should not apply in this case. Apparently full reliance for their position is placed upon LSA-C.C. Article 2315 and LSA-R.S. 22:655 since no citation of jurisprudential authority was cited by plaintiffs in support of their position. The majority of their brief attempted to distinguish the numerous cases cited by defendant and the trial court in support of the motion for summary judgment and subsequent ruling thereon.
Both of plaintiffs’ parents were designated in the insurance policy as “named insureds”, and plaintiffs on appeal concede that Mr. and Mrs. Eyestone were residing together as man and wife in the same household at the time of the accident.
Therefore, under the unambiguous exclusion clause of the policy above quoted, the defendant’s insurance excludes coverage for damages for bodily injury, including death, to Mrs. Eyestone, who is both the named insured and a resident of the household of her husband, the other named insured.
We therefore find it unnecessary to discuss the other contentions of the appellants.
For the reasons assigned, the judgment sustaining the motion for summary judgment is hereby affirmed. Costs are to be paid by plaintiffs-appellants.
Affirmed.